06/12/2025

**RECEIVED**
JUN 1 6 2025
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Dear Courthouse Clerk,

I certified that I mailed my "reply to defendant's resistance to plaintiff's motion to strike defendant's answer" to the defendant via USPS certified mail on 06/12/2025. June 12th, 2025

Thank you for your time!

Sincerely,

Nan Li (a pro se litigant)

Tel: 785-424-0203
e-mail: teddynan@gmail.com
90 Circle Drive, #9
North Liberty, IA 52317

06/12/2025

RECEIVED
JUN 1 6 2025
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF IOWA

EASTERN DIVISION

| | |
|---|---|
| Nan Li, <br><br> Plaintiff(s), <br><br> vs <br><br> THE UNIVERSITY OF IOWA, <br><br> Defendant(s). | CASE NO. 3:25-cv-00008 <br><br> **PLAINTIFF'S REPLY TO DEFENDANT'S RESISTANCE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS ANSWER** |

June 11, 2025

Dear Judge Ebinger (Your Honor),

I, Nan Li (a pro se litigant), am writing to Your Honor to respond to the DEFENDANT'S RESISTANCE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER filed electronically on June 9, 2025.

I assert that my complaint involves racial discrimination and retaliation (wrongful discharge against public policy), under a hostile work environment triggered by my two former supervisors and condoned by the University's HR.

I took an active role in voicing my concerns to the University's multiple offices to avoid harm. My efforts only triggered retaliation —wrongful discharge, because I refused to work in a hostile work environment and an office space that caused my sick-building syndrome.

The University's HR and two former supervisors were aware of my protected activities. One supervisor initiated a "performance investigation" meeting with the support of HR as a pretext to fire me (A tangible adverse employment action) shortly after I had made a formal complaint about him and his assistant, and refused to work against my two physicians ' medical restriction notes while seeking a long-term reasonable

1

accommodation. The two former supervisors took the adverse employment action under a hostile work environment; therefore, the University of Iowa has no legal grounds for asserting "affirmative defenses" based on the facts of my complaint and a case law established by Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998). The Supreme Court of the United States holds that: "No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action. Pp. 15—20." Cited from https://www.law.cornell.edu/supct/html/97-569.ZS.html

*Facts*

In June 2023, I visited the University of Iowa's Ombudsperson office to seek advice on how to address me being bullied by my functional supervisor.

Between July 2023 and March 2024, I made written complaints to the University's Human Resources Department, the University's Office of Civil Rights Compliance, and the U.S. Equal Employment Opportunity Commission (EEOC) regarding my experiences of being treated differently by my two former supervisors.

In February and April 2024, I expressed my concerns via email regarding me being retaliated against and discriminated against by my two former supervisors to Sarah Hansen, the University's Vice President for Student Life, and Cheryl Reardon, the University's HR Director.

The University failed to take reasonable measures to address my above-written complaints and correct the harm.

Around the middle of March 2024, I requested via email that HR assign a different staff member to evaluate my annual performance, after my two former supervisors had received notice of my allegations against them. However, HR declined my request.

In April and June 2024, after being discharged, I initiated and attended two in-person Administrative Review meetings with the University's HR Department, providing the University with an opportunity to correct the wrongful termination and address the problematic work conduct of the two former supervisors. I also provided written documents detailing my performance and the concerned work conduct of the two supervisors to the HR department at the two Administrative Review meetings. However, the University neither addressed my concerns nor corrected the two supervisors' problematic behaviors.

Around the middle of June 2024, the University declined the EEOC's invitation to mediation.

On October 24th, 2024, I received a Right-to-Sue letter issued by the EEOC. I exhausted both internal and external administrative remedies. This fact challenged the defendant's purported "affirmative defense," saying that "Plaintiff has failed to exhaust her administrative remedies as required by Title VII of the Civil Rights Act of 1964".

<u>The legal ground for why the University is not eligible to raise affirmative defenses</u>

On Page 765 of the Supreme Court case holdings of Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998), the court holds: "No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment" cited and retrieved on June 10th, 2025 from: https://supreme.justia.com/cases/federal/us/524/742/.

The EEOC published guidance on workplace harassment on April 29, 2024. Under IV Liability B (2) Supervisor--Vicarious Liability, cited from the EEOC official website on June 10th, 2025, from:

https://www.eeoc.gov/laws/guidance/enforcement-guidance-harassment-workplace#_Toc164808043

"If the supervisor took a *tangible employment action* as part of the hostile work environment, then the employer is automatically liable for the hostile work environment and does not have a defense.

If the supervisor *did not take a tangible employment action*, then the employer can raise the *Faragher-Ellerth* affirmative defense to vicarious liability by proving both of the following:

- The employer acted reasonably to prevent and promptly correct harassment; and
- The complaining employee unreasonably failed to use the employer's complaint procedure or to take other steps to avoid or minimize harm from the harassment."

My two former supervisors bullied me and put me in a hostile work environment despite my complaints and by abusing their supervisory power, and eventually discharged me without giving me an annual performance review. According to the EEOC guidelines and the case law of Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998), the defendant has no legal ground to raise affirmative defenses.

Federal Rule of Civil Procedure 12(f) stated that the court can "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Raising a blanket "affirmative defense" without providing evidence is "insufficient". Affirmative defenses without evidence are insufficient, according to the definition of

3

affirmative defense from Cornell Law School's Legal Information Institute website cited on June 10, 2025:

https://www.law.cornell.edu/wex/affirmative_defense#:~:text=Self%2Ddefense%20%2C%20entrapment%20%2C%20insanity,judgment%20on%20an%20affirmative%20defense

Thus, according to FRCP 12(f) and the legal definition of affirmative defenses, the defendant's purported "affirmative defenses" should be stricken.

The opposing counsel asked the court to assess legal costs to me and stated that I acted out of "bad faith" in his "Defendant's Answer" filed on May 9th, 2025. I viewed his purported "defense" as "scandalous" because the opposing counsel made a baseless assertion that damaged my reputation. This is another reason to strike the defendant's purported "affirmative defenses". This fact also demonstrated that the opposing counsel violated Federal Rule of Civil Procedure 11. FRCP 11 is established to prevent parties from filing baseless claims, ensuring fairness and accountability in federal court proceedings.

The opposing counsel cited an irrelevant case of Lunsford v. United States (1977) to support his "resistance". The nature of my case is retaliatory discharge against public policy. Retaliatory discharge is an intentional tort and a form of discrimination in its own right. Lunsford v. United States (1997) involves damages from a flood (a natural disaster) and the government's liability. Damages caused by a natural disaster cannot be compared to intentional harm inflicted by humans (two former supervisors) and HR. Intentional tort warrants relief. This fact challenged the defendant's purported "affirmative defense," stating that: "Plaintiff fails to state a claim upon which any relief can be granted". This baseless assertion appeared in the opposing council's motions at least three times. This assertion displays a "redundant and impertinent pleading". FRCP12(f) allows a court to strike any redundant and impertinent pleading.

Lunsford Court's opinion that "motions to strike are infrequently granted" did not negate the fact that the opposing counsel raised insufficient, impertinent, and baseless "affirmative defenses".

Applying the Twombly and Iqbal pleading standards, a reasonable person would request that the court strike a party's purported "affirmative defenses" without evidence.

In my exchange of written communication with the opposing counsel, I found that the opposing counsel constantly made illogical "reasoning" ----For example, the opposing counsel stated that because of my "non-traditional format, the University provided a general denial of Li's claims of liability, as well as possible affirmative defenses the

4

University believed might be supported by the facts of the case". I wanted to inform the opposing counsel that a pro se litigant's self-representation neither gives any attorney a pass to raise baseless defenses to escape liability nor justifies making a blanket denial of the pro se plaintiff's well-constructed factual allegations. An attorney has a professional responsibility to sufficiently investigate all assertions made to the court (Alaka, 2020).

The opposing counsel stated that my "resistance" lacked legal merit, and therefore, the University chose not to respond to my "resistance". This is another illogical "reasoning". Following this "reasoning", can I deduce that whenever the opposing counsel responds to my motion, this automatically means that my motion has merit?

I understood the "defendant's answer" correctly. The defendant raised a blanket denial of my complaint and insufficient "affirmative defenses" without any evidence to escape liability.

### *The purpose of my communication to the court*

1) I respectfully ask Your Honor to assess the validity and sufficiency of the defendant's "affirmative defenses" raised in his DEFENDANT'S ANSWER" filed on May 9, 2025.
2) I respectfully ask Your Honor to strike the defendant's "affirmative defenses" because case law construed by Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998), facts of my case, and EEOC guidelines on supervisor liability in workplace harassment cases, establish that the defendant has no legal ground to raise affirmative defenses.
3) I respectfully request that Your Honor host a "meet and confer" meeting to initiate discovery with a court-appointed attorney, who can assist me in navigating the discovery process.

I appreciate your time and service.

Sincerely,

*Nan Li*    06/11/2025

Nan Li (a pro se litigant)

90 Circle Drive, #9

North Liberty, IA 52317

Email: teddynan@gmail.com

Tel: 785-424-0203

## *References*

1. The Law Behind Fake Reasons for Firing (Pretextual Terminations): https://www.youtube.com/watch?v=TyIscOJ5Zrs

2. Intentional Torts: https://www.youtube.com/watch?v=fcJgGq3-6W4

3. EEOC Retaliation Guidance Update: https://www.youtube.com/watch?v=3gcuR4HoXEs

4. EEOC Tips for Employees: Ongoing Retaliation or Hostile Work Environment?

.https://www.youtube.com/watch?v=2bAdrai-IU8

5. FRCP 12 (f): https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_legal/frcpweb/FRC00013.HTM

6. FRCP 11: https://www.law.cornell.edu/rules/frcp/rule_11

7. Definition of affirmative defense: https://www.law.cornell.edu/wex/affirmative_defense#:~:text=Self%2Ddefense%20%2C%20%20entrapment%20%2C%20insanity,judgment%20on%20an%20affirmative%20defense

8. Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998)

https://supreme.justia.com/cases/federal/us/524/742/

https://www.law.cornell.edu/supct/html/97-569.ZS.html

9. Enforcement Guidance on Harassment in the Workplace

https://www.eeoc.gov/laws/guidance/enforcement-guidance-harassment-workplace#_Toc164808043

10. *Employment Law Simulations,* Aida M. Laka(author), published by West Academic Publishing (2020).

Nan Li

90 Circle Drive, #9

North Liberty, IA 52317









U.S. District Courthouse
Southern District of Iowa
131 East 4th Street Suite #150
Davenport, IA 52801