RECEIVED
SEP 2 9 2025
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF IOWA

EASTERN DIVISION

| | |
|---|---|
| Nan Li,<br><br>Plaintiff(s),<br><br>vs.<br><br>THE UNIVERSITY OF IOWA,<br><br>Defendant(s). | CASE NO. 3:25-cv-00008<br><br>**PLAINTIFF'S RESISTANCE TO DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER** |

September 24, 2025

Dear Judge Kelly and Judge Ebinger,

I (Nan Li, the pro se litigant) respectfully oppose the defendant's motion for entry of protective order (Document 33). I would like to have a reasonable stipulated protective order. The reason why I resist the defendant's proposed protective order (Document 34) is that the proposed protective order has a very broad designation of "confidential information" and does not track FRCP 26 (C).

With good faith, I communicated my concern about the defendant's proposed blanket protective order to the opposing counsel multiple times.

On September 16, 2025, I emailed the opposing counsel and his two assistants to inform him why I disagreed with his proposed stipulated protective order:

1

*"Mr. Deist,*

*After my self-study on the relevant law on the topic of "protective order" in civil litigation, I have decided not to file the joint protective order you proposed in your previous emails.*

*Your proposed joint "protective order motion" seemed to have a very broad coverage of the designation of confidential information and has a tendency to exclude certain confidential information from being used during the litigation.*

*According to the guideline stipulating an appropriate protective order from a federal court judge:*

*https://www.nmd.uscourts.gov/sites/nmd/files/Judge%20Fashing%20Guidelines%20for%20Proposed%20Protective%20Orders%209-2-2015.pdf*

*'...The **scope of the protective order must be narrowly tailored and specific**...Categories such as '**all documents a party designates as confidential**' or "all business records" are vague and overbroad. The protective order should clearly reflect that its provisions only apply to the named categories of documents, information, items, or materials specifically set forth in the protective order. The protective order should explicitly exempt information or documents that are available to the public or have not previously been kept in a confidential manner...'*

*'... The protective order should not attempt to limit the Court's judgment or discretion in any way regarding the treatment, handling, or admission of documents containing confidential information at a hearing or trial...'*

*Therefore, I decided not to file your proposed joint protective order motion.*

*Thank you for your patience and for respecting my decision."*

On September 18, 2025, I emailed the opposing counsel and his two assistants twice to make good faith efforts to develop a stipulated protective order with the defendant.

*"Mr. Deist,*

*Your proposed protective order has a very broad designation of what defines "confidential" information. Your proposed protective order, read as a whole, does not comply with FRCP 26(C). I respectfully disagree with your proposed protective order. Thank you.*

*The protective order utilized by the Federal District Court in Northern Iowa is a reasonable one. This one tracks FRCP 26(C). We can talk about this with Judge Kelly at our meeting next Thursday. Thank you."*

and

*"Mr. Deist,*

*I found that the Northern District Federal Court in Iowa uses the following stipulated protective order. I view this document as a reasonable protective order to protect both parties regarding guarding "confidential" information.*

*Please let me know what you think of the attached order. Thank you. We may also talk about this with Judge Kelly at our meeting with him next Thursday."*

I make the declaration that the above-quoted content of my email communication to the opposing counsel and his two assistants is true under oath. The opposing counsel does not comment on the plaintiff's suggestion of resolving the conflict with Judge Kelly and using the Northern District of Iowa Federal Court's Stipulated Protective Order. Instead, the opposing counsel just filed the proposed protective order two days before the scheduling order meeting.

I view the opposing counsel's proposed protective order (document 34) as having a very broad designation of "confidential information" and does not track FRCP 26 (C). For instance:

- In Paragraph 3(a) of Document 34, the opposing counsel defined "confidential information" as "information of any type, kind, or character… which is designated as confidential by any party." This overbroad language does not track FRCP 26(C). FRCP 26(C) requires "good cause", showing a specific type of confidential information.

- In paragraphs 2 and 11 of Document 34, the opposing counsel extends the protective order to filing documents. Unlike discovery materials, there is a presumption that the public will have access to materials filed with the court, especially if they are part of a record intended for use at trial. Protecting confidential information during litigation does not justify automatic filing under seal. Confidential information can be redacted while filing in the electronic filing system.

- In Paragraph 6 of Document 34, the opposing counsel extends his proposed blanket protective order to information obtained at deposition. The overly broad designation of "confidential information" tends to limit admission to trial material.

- In Paragraph 14 of Document 34, the opposing counsel extends his proposed protective order to the jury. I want to ask the opposing counsel if a stipulated protective order is fair, why the jury is kept out of the loop of the stipulated protective order?

The plaintiff would like to remind Your Honors that the court has a duty to maintain a fair litigation process and a transparent justice system by denying a blanket, overbroad protective order that exceeds the scope of FRCP 26 (C).

"Confidential information" should not be broadly construed by parties. It should specifically define what type of information is confidential.

The purpose of a protective order is to ensure that parties use confidential information solely for litigation purposes, not as a blanket cover to automatically file documents under seal, limit admissible evidence, or block litigation transparency.

I respectfully ask the court to adopt a reasonable protective order reflecting the letter and spirit of the Stipulated Protective Order used by the Northern District of Iowa Federal Court. I disagree with the opposing counsel's proposed protective order (Document 34) and resist the motion for entry of such a protective order (Document 33).

Thank you.

*Nan Li*     09/24/2025

Sincerely,

Nan Li (a pro se litigant)
90 Circle Drive, #9
North Liberty, IA 52317
Tel: 785-424-0203
Email: teddynan@gmail.com

09/24/2025

**RECEIVED**
SEP 29 2025
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Dear Court Clerk,

I certify that the following ~~motion~~ document of my resistance to defendant's motion for entry of protective order has been mailed to the defendant on 9/24/25. A PDF copy of the document is emailed to the defendant on 09/24/25.

Thank you!

Sincerely, 09/24/25

Nanhi (a Pro se litigant)
90 Circle Drive, #9
North Liberty, IA 52317
Tel: 785-424-0203
email: teddynan@gmail.com

Nan Li
90 Circle Drive, #9
North Liberty, IA 52317

CERTIFIED MAIL
9589 0710 5270 1675 7090 73

please to: Court Clerk
United States District Court,
District of Iowa
131 East 4th Street, Suite
Davenport, Iowa 52801